# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEIL S. DOMINGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-12-528-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability insurance benefits. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). As the parties have briefed their respective positions, the matter is now at issue. For the following reasons, it is recommended that the decision of the Commissioner be **REVERSED AND REMANDED** for further administrative proceedings.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d) (1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff filed his application for disability insurance benefits on January 5, 2009, alleging an inability to work since September 1, 1994. Tr. 14. Plaintiff's claim was denied initially and upon reconsideration at the administrative level. Tr. 14. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge (ALJ) on July 8, 2010. Tr. 27-60. Plaintiff appeared in person with his attorney and offered testimony in support of his application. Tr. 27, 55. A vocational expert also testified at the request of the ALJ. Tr. 55-60. The ALJ issued her decision on September 24, 2010, finding that Plaintiff was not disabled. Tr. 14-22. The Appeals Council denied Plaintiff's request for review on March 26, 2012, and the decision of the ALJ thereby became the final decision of the Commissioner. Tr. 1-6.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including

anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

In determining that Plaintiff was not disabled, the ALJ followed the sequential evaluation process required by 20 C.F.R. § 404.1520. Tr. 15-16. After noting that Plaintiff's last date insured was June 30, 1999, she found that Plaintiff had not engaged in substantial gainful activity since September 1, 1994 through the date last insured. Tr. 16. At steps two and three, the ALJ determined that Plaintiff suffered from chronic venous insufficiency and essential hypertension, both of which she found to be severe, but not severe enough to meet or equal the criteria of any listed impairment or combination of impairments described in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations. Tr. 16-17. The ALJ found Plaintiff's tinnitus, decreased hearing, depression, and alleged limitation in visual acuity to be non-severe. Tr. 16. She next determined that Plaintiff has the residual functional capacity (RFC) to perform the full range of light work as defined by 20 C.F.R. § 404.1567(b). Tr. 17. Based on this RFC and the testimony of a vocational expert, the ALJ determined at step four that

3

Plaintiff could not perform any of his past relevant work of field art crew member, upholstery worker, taxi driver, diesel mechanic helper, industrial cleaner, and construction laborer. Tr. 21.

At step five, using the Medical-Vocational Rules as a framework as well as the testimony of the vocational expert, the ALJ found that Plaintiff could perform jobs such as rental car deliverer, laundry classifier, and ticket taker. Tr. 22. She found that these jobs exist in the national economy in substantial numbers, and that Plaintiff was not under a disability under the Social Security Act from September 1, 1994, through June 30, 1999, the date last insured, and was thus not entitled to benefits. Tr. 21-22.

## DISCUSSION

Plaintiff raises three claims of error. First, he claims that the ALJ erred in evaluating his credibility. Second, he claims that this error led to an erroneous finding at both steps four and five. Third, he claims that the ALJ failed to give full consideration to Plaintiff's VA disability rating. Plaintiff's Opening Brief, 3. The undersigned finds resolution of the credibility issue to be dispositive of this appeal, and so has limited the discussion to that issue.

Plaintiff claims that the ALJ set forth the two-step process used to evaluate a claimant's symptoms, summarized Plaintiff's testimony, and restated references in the medical record. Plaintiff's Opening Brief, 5. However, the ALJ then failed to explain how she applied the requisite criteria to reach her conclusion regarding Plaintiff's credibility. *Id.* He goes on to argue that the ALJ completely failed to give specific reasons linked to

4

the medical record to support her credibility finding. *Id.* Plaintiff then points out that the ALJ concludes the alleged insufficient analysis with boilerplate language that contained no substantive information with regard to the reasons for her finding. *Id.* Plaintiff claims that the ALJ's failure to link her finding to specific evidence in the record renders a flawed credibility analysis. Plaintiff's Opening Brief, 5-6.

The Commissioner responds that it is not necessary for the ALJ to apply a formalistic, factor-by-factor recitation of the evidence as long as the specific evidence the ALJ relief upon in reaching her credibility finding is set forth. Commissioner's Brief, 5. The Commissioner points of that the ALJ explicitly discussed Plaintiff's allegations made in both his application documents and in his hearing testimony. *Id.* Indeed, the Commissioner devotes almost two entire pages of her own brief parroting the ALJ's lengthy recitation of Plaintiff's allegations. *See* Commissioner's Brief, 5-6.

However, when the Commissioner turns her discussion to the "ALJ's extensive review of the medical evidence for the relevant period," and what she characterizes as a "specific rationale" for the credibility finding, the information is spare to say the least. In fact, the Commissioner candidly admits in four separate footnotes that she cannot even locate some of the material referred to by the ALJ in the record. *See* Commissioner's Brief, p. 7 n. 5 & 7; p. 8 n. 11; and p. 9 n. 13.

The Commissioner also argues that the ALJ appropriately relied on Plaintiff's daily activities to support her credibility finding. Commissioner's Brief, 10. She notes that Plaintiff could cook, clean, take care of his personal needs, shop, drive a car, go

5

outside, watch television, use a computer, go to medical appointments, and manage his own finances. Commissioner's Brief, 10. She also points out the ALJ's reliance on the fact that no treating physician ever put permanent restrictions on his ability to perform basic work activities. Commissioner's Brief, 10 (citing Tr. 20).

Finally, the Commissioner points out the ALJ's reliance on findings of the state agency medical consultants: that the state agency psychologist found that the file contained "insufficient evidence" to establish that Plaintiff had a severe mental impairment, and that the state medical consultant's finding that Plaintiff could perform light work were both "well supported by the evidence." Commissioner's Brief, 10. Finally, although conceding the presence of so-called boilerplate language, the Commissioner argues that use of such language is not problematic because the analysis is present within the opinion. Commissioner's Brief, 11.

## ANALYSIS

The standard for evaluating the effects of subjective symptoms on a claimant's ability to work is well established. The ALJ must consider (1) whether the claimant has established the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain, (2) if so, whether there is at least a "loose nexus" between the impairment and the claimant's subjective allegations, and (3) if so, whether, considering all of the evidence, both objective and subjective, the claimant's symptoms are in fact disabling. *Luna v. Bowen*, 834 F.2d 161, 163-65 (10th Cir. 1987).

When the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the claimant's ability to do basic work activities. Social Security Ruling, 96-7p, 1996 WL 374186, at *1. Some factors that may be considered in assessing the credibility of a claimant's statements about the effects of symptoms include (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant receives or has received for relief of pain or other symptoms; (5) treatment, other than medication, the claimant has received for relief of pain or other symptoms; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); *see also Luna*, 834 F.2d at 165-66; *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (listing other relevant factors including "frequency of medical contacts, . . . subjective measures of credibility that are peculiarly within the judgment of the [ALJ], the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence."); *accord Branum v. Barnhart*, 385 F.3d 1268, 1273-1274 (10th Cir. 2004) (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991). The Court also

reviews an administrative law judge's credibility finding to ensure that the factual findings underlying the credibility determination are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Application of these standards leads the undersigned to conclude that the ALJ erred in her analysis of Plaintiff's credibility.

In reaching this conclusion, the undersigned has considered that credibility determinations are peculiarly within the province of the finder of fact and should not be upset when they are supported by substantial evidence. *Diaz v. Secretary of Health & Human Services*, 898 F.2d 774, 777 (10th Cir. 1990). Indeed, the ALJ has an "institutional advantage" in making credibility determinations. "Not only does an [ALJ] see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion." *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001). However, these are general presumptions, and when an ALJ fails to closely and affirmatively link her credibility findings to substantial evidence in the record they do not trump the error. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

A "formalistic factor-by-factor recitation of the evidence" is not required, *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000); an ALJ's credibility analysis is sufficient so long as the decision sets forth the specific evidence relied upon in making the determination. *Qualls*, 206 F.3d at 1372. In this case, it is not the lack of a "factor-by-factor" recitation of the evidence that necessitates remand, but an analysis so

disjointed, inaccurate, and without any structure that makes review of her credibility determination practically impossible.

Here, the ALJ first stated that she considered all Plaintiff's symptoms and the extent to which those symptoms were consistent with the medical and other evidence in accordance with the appropriate Social Security regulations and rulings. Tr. 17. The ALJ cited the applicable rules and regulations, and set forth the two-part test for evaluating whether an underlying medical impairment could reasonably be expected to produce Plaintiff's pain and other symptoms. *Id.* After reciting Plaintiff's various complaints, reports of his medical condition, and his hearing testimony, the ALJ made her credibility finding, using what has been colloquially referred to as a "boilerplate" credibility finding:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Tr. 18. The Tenth Circuit has previously rejected, in the absence of a more thorough analysis, the use of similar boilerplate language to support an ALJ's credibility determination. *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). Although the Commissioner correctly notes that use of the language itself is not problematic if accompanied by a sufficient analysis, such is not the case here. *Cf. Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1170 (10th Cir. 2012).

The introductory paragraph to her credibility analysis is as follows:

> In terms of the claimant's alleged impairments, the claimant has been treated at Veterans Medical Center in Lawton and in Oklahoma City from July 1992 through July 2010. The claimant has voluminous records from Veteran's Medical Centers; *however, the majority of the claimant's medical documentation is either prior to or after his alleged onset date or prior to or after his date last insured.*

Tr. 19. It is hard to argue with this conclusion. What the ALJ apparently meant to say (and which she does say later on in the decision) is that claimant had minimal medical care during the relevant time period. However, that is quite simply untrue. The undersigned finds that the amount of care sought by Plaintiff from September 1, 1994 to June 30, 1999 was anything but minimal: *see e.g.* Tr. 241; 243; 249; 250; 251; 265, 267; 269; 273; 274; 276. There are many more references to care during the relevant time period, but suffice it to say that it is the ALJ's discussion of those records that is minimal—not the records themselves.

The few medical records the ALJ does discuss are, for the most part, entirely consistent with Plaintiff's complaints, and she omits many more that also support his symptomology. She mentions a few normal findings (blood pressure controlled on December 15, 1995, a cervical x-ray within normal limits in May 1998, and undated notes that she claims show improved glucose intolerance with change in medication as well as controlled blood pressure), but does not explain how those isolated notes detract from Plaintiff's credibility. Tr. 19. She mentions a medical note supporting Plaintiff's claim of vertical double vision. Tr. 19. She mentions a note dated after the

date last insured, which refers to Plaintiff's poor compliance with his high blood pressure medication regimen, but she omits the part of the note where Plaintiff explained that he did not take the medication because it produced unacceptable side effects. Tr. 19, 20. The ALJ mentions that Plaintiff missed several medical and social services appointments in late 1999 (after the date last insured), but fails to include the VA Center's note that the standing appointments were missed because Plaintiff was in prison, and would resume when Plaintiff requested such. Tr. 19, 263. The ALJ gives a random blood pressure reading, and a visual acuity result—omitting a less favorable accuity rating two years later.

The ALJ states that no signs/symptoms of a severe mental condition are noted, no psychotropic drugs prescribed, and no referral to a mental health clinic was made, Tr. 19, yet elsewhere states in the opinion that Plaintiff *was* referred to a social worker by his treating physician. Tr. 20. Indeed, the record does include notes of numerous visits to a social worker, and that he was taking Elavil according to one admitting statement for another hospital visit. Tr. 264, 269, 270, 271, 272, 273.

The ALJ did mention Plaintiff's activities of daily living, and opined they were inconsistent with his alleged symptoms. Tr. 20. Finally, the ALJ states that she "basically concurs" with the state agency medical consultants, and later that she gives their opinions "great weight." Tr. 20. It should be noted that the state agency mental consultant rendered no opinion at all because she was not provided with the evidence.

All in all, the credibility analysis presented is nothing more than a stream of consciousness. While it is true that a "factor by factor" discussion format is not required, the ALJ does not make any attempt to place the evidence she chose to discuss into any of the categories that are to be considered—with the sole exception of activities of daily living.

Accordingly, the undersigned finds that the ALJ erred in her credibility analysis by not fully considering the record, and by failing to link the evidence she did consider to the relevant factors. Thus, her boilerplate finding as to Plaintiff's credibility is problematic in this case. As Plaintiff notes, this error could affect the findings at steps four and five of the sequential analysis.

Although the error regarding assessment of Plaintiff's credibility requires remand, the undersigned notes that Plaintiff's third claim of error regarding the ALJ's failure to address or explain the VA disability rating has merit. The ALJ mentions Plaintiff's 100% VA disability, but gives it no particular consideration. The evidentiary record contains information regarding Plaintiff's receipt of a VA pension for disability during the insured period, and on remand the ALJ should be careful to address the rating in the manner required by SSA regulations as well as Tenth Circuit authority. *Baca v. Department of Health and Human Serv's* 5 F.3d 476, 480 (10th Cir. 1993) (although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered--a VA rating may provide evidence of disability).

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 13, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on July 30, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE